# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAYMOND H. RYAN,
                Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
DA-1221-09-0045-B-2

DATE: September 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raymond H. Ryan, Saint Hedwig, Texas, pro se.

William M. Ekadis, II, Esquire, Tinker Air Force Base, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal under the Whistleblower Protection Act. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed the instant IRA appeal challenging 15 separate personnel actions on the basis of whistleblower reprisal. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 6 (2012) (*Ryan II*); MSPB Docket No. DA-1221-09-0045-B-2, Initial Appeal File (IAF), Tab 101, Initial Decision (ID) at 4-5.[2] The Board previously remanded this appeal to the regional office for further proceedings after it determined that the appellant did not withdraw certain claims. *See Ryan II*, 117 M.S.P.R. 362, ¶¶ 7-11. In its prior decision, the Board also instructed the administrative judge to consider all of the pertinent evidence in the record when adjudicating the appellant's whistleblower retaliation allegations, including both the appellant's prima facie showing of reprisal and the agency's affirmative defense that it would have taken the same actions in the absence of the appellant's protected disclosures. *Id*., ¶¶ 13-15; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

---

[2] Although the appellant originally challenged 16 personnel actions, the Board previously found that he withdrew his challenge to one of those actions. *See Ryan II*, 117 M.S.P.R. 362, ¶ 11.

¶3     On remand, the administrative judge accepted additional exhibits into the record and held a supplemental hearing.  The administrative judge issued an initial decision finding that the appellant made a series of protected disclosures under 5 U.S.C. § 2302(b)(8) of which several agency officials were aware and that the agency established by clear and convincing evidence that it would have taken each of the challenged personnel actions in the absence of the appellant's protected disclosures.  ID at 5-31.  The appellant has filed a petition for review arguing, inter alia, that the administrative judge wrongly denied several motions to certify different issues to the Board on interlocutory appeal, that he erred in making evidentiary, credibility, and sanctions rulings, that he failed to address allegations of equal employment opportunity (EEO) discrimination, and that he wrongly denied each of his 15 requests for corrective action.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a motion to submit new evidence, PFR File, Tab 5.

¶4     First, we DENY the appellant's motion to submit new evidence on petition for review.  In his motion, the appellant argues that:  he received documents from the agency pursuant to a Freedom of Information Act request, these documents demonstrate that the agency failed to effectuate a 1-day suspension in February 2006, and the agency failed to include a copy of its decision letter imposing a separate 3-day suspension in February 2006 in his personnel file.  PFR File, Tab 5 at 3.  As explained by the administrative judge in his initial decision, however, the agency placed the appellant in an absence without leave (AWOL) status between January 3, 2006, and March 21, 2006, after the agency denied his additional requests to delay his geographic reassignment, and the administrative judge found that there was no dispute that the appellant's additional leave requests were denied and that he did not report for duty as directed.  ID at 19-20.  As explained below, because we find that the administrative judge properly concluded that the agency's decision to place the appellant in an AWOL status

was not based upon his whistleblower activity, we find that the new evidence presented on review by the appellant does not have an impact on the disposition of his claims, and his motion to submit the additional evidence is denied.[3]  *See Harpole v. Office of Personnel Management*, 98 M.S.P.R. 232, ¶¶ 15-16 (2005) (evidence submitted for the first time on review must be material to the disposition of the appeal in order to be considered).

¶5        Next, the appellant's argument that the administrative judge wrongly denied his motions to certify several different issues on interlocutory appeal does not present a basis to overturn the administrative judge's initial decision.  Each of the appellant's certification motions addressed the administrative judge's various prehearing rulings that were unique to this appeal, and none of his motions presented important questions of policy or law which had to be addressed prior to the administrative judge's initial decision.  *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 7 (2002); PFR File, Tab 1 at 3-7 (summarizing the substance of the appellant's motions for certification of interlocutory appeals).  Some of the issues presented by the appellant in his motions, moreover, could and have been raised by the appellant on petition for review, and we find no error with the administrative judge's decision to deny the appellant's multiple

---

[3] The relevance of the appellant's proffered new evidence is also not entirely clear.  If the appellant is correct that the agency never imposed his February 2006 1-day suspension, then the agency would not have taken the personnel action that the appellant alleged the agency took against him as an act of whistleblower reprisal.  We note, moreover, that the existence of the appellant's 1-day suspension was addressed in our first Opinion and Order in this case and that the agency had agreed to remove this suspension from his record during the first hearing that was held in this matter.  *See Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 14 (2009) (directing the administrative judge to ascertain the appellant's leave status for 3 periods of time in 2005 and 2006).  Separately, to the extent the appellant is challenging the alleged incorrect placement of a letter of decision in his personnel file, this issue has never been identified as one of the personnel actions he presented to the Office of Special Counsel (OSC), and we will not entertain such a claim for the first time on petition for review.  *See Ryan II*, 117 M.S.P.R. 362, ¶ 6 (listing challenged personnel actions); *Daniels v. Department of Veterans Affairs*, 105 M.S.P.R. 248, ¶ 7 (2007) (each personnel action at issue in an IRA appeal must be administratively exhausted).

motions to certify different issues on interlocutory appeal. *See Keefer*, 92 M.S.P.R. 476, ¶ 7.

¶6        The appellant also has challenged many of the administrative judge's discovery and evidentiary rulings made prior to and during the hearing. PFR File, Tab 1 at 7-9. Challenges to these types of rulings, however, are subject to the deferential abuse of discretion standard of review, and we find that the administrative judge did not abuse his discretion in controlling the proceedings below, in accepting or rejecting certain exhibits, or in disallowing certain proposed witnesses at the hearing. *See White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 7 (2008) (abuse of discretion standard); *Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶ 4 (2001) (an administrative judge has wide discretion to control the proceedings below). Similarly, we find that the appellant has presented no basis for overturning the administrative judge's denial of his motions for sanctions against the agency or to disqualify the agency's representative. PFR File, Tab 1 at 5, 7-9; *see Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 18 (2010) (denial of sanctions is subject to the abuse of discretion standard of review).

¶7        To the extent that the appellant assigns error to the administrative judge's failure to adjudicate his claims of discrimination, *see* PFR File, Tab 1 at 19-21, 33 (arguing that he filed a mixed-case appeal), we find that the administrative judge properly refrained from adjudicating these issues as independent affirmative defenses. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 642 (1991) (the Board does not have jurisdiction to adjudicate EEO affirmative defenses in an IRA appeal), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table). Additionally, the appellant's dissatisfaction with the administrative judge's efforts to assist in settling this matter provides no basis for disturbing the initial decision or remanding the appeal for further proceedings. PFR File, Tab 1 at 7; *see Stone v. Department of Health & Human Services*, 46 M.S.P.R. 34, 37 (1990)

(an administrative judge may encourage settlement, but a party is not required to settle a Board appeal).

¶8 Finally, we have reviewed the appellant's lengthy challenge to each of the administrative judge's findings that the agency established by clear and convincing evidence that it would have taken the same 15 personnel actions in the absence of his protected disclosures.[4] We have extensively reviewed the record developed in this case, and conclude that the administrative judge's findings are supported by the record and that the appellant has failed to show that the administrative judge improperly denied his various requests for corrective action. *See* 5 C.F.R. § 1201.115(a), (b). We note, moreover, that the majority of the appellant's arguments focus on the administrative judge's credibility determinations and consist of his disagreement with the administrative judge's findings of fact, neither of which presents a valid basis to disturb the initial decision. *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 12 (2013) (administrative judge's credibility determinations based on demeanor are entitled to deference); *Paetow v. Department of Veterans Affairs*, 118 M.S.P.R. 462, ¶ 13 (2012) (disagreement with administrative judge's fact findings is not a valid basis for granting a petition for review); PFR File, Tab 1 at 32. We offer the following examples in support of our decision to sustain the administrative judge's denial of corrective action:

¶9 First, the appellant has challenged the agency's decision to not grant him credit time on several separate occasions when he worked additional hours on weekends and late at night. ID at 8-12. We agree with the administrative judge that the record demonstrates that the appellant did not receive prior approval to

---

[4] The appellant's petition for review is single-spaced and 35 pages in length. Under the Board's current regulations, a petition for review must be no more than 30 pages or 7500 words, whichever is less, and those submissions that are typed must be double-spaced. 5 C.F.R. § 1201.115(h). Although the appellant's petition for review does not comply with these standards, we have reviewed and considered the entirety of his pleading.

work additional hours outside of the agency's core working hours, and the administrative judge found that the proffered nonwhistleblower comparator employee identified by the appellant was not only supervised by a different agency official but also had a prearranged agreement concerning her ability to work outside core hours. ID at 10. The appellant, however, had no such agreement in place, and we agree with the administrative judge that the agency established by clear and convincing evidence that it denied the appellant's requests for additional credit time because he did not arrange to work such additional hours in advance. ID at 10, 12. For the same reason, we find that the agency demonstrated by clear and convincing evidence that it would have placed the appellant in an AWOL status for one day in November 2005 even in the absence of his protected disclosures because he did not report for work and wrongly assumed that his leave request had been granted. ID at 12-13.

¶10    As discussed, *supra*, we also concur with the administrative judge that there is no evidence in the record to suggest that the agency placed the appellant in an AWOL status based on his protected disclosures after he failed to report to duty at a different geographic location as directed. ID at 16-20[5]; *supra*, ¶ 4. The evidence reflects that the appellant did not report to duty as directed and that he was not in a work status during this period of time. ID at 20. We agree with the administrative judge's findings that the agency established by clear and convincing evidence that it would have made the same decision not to compensate the appellant for this period of time even in the absence of his protected whistleblowing. ID at 20. Additionally, we find that the agency would have placed the appellant in a leave without pay (LWOP) status between March 2006 and October 2007 based on his admission that he did not report to duty during this time, and we further agree with the administrative judge that the propriety of the appellant's placement in a LWOP status during this time has already been

---

[5] The appellant's geographic reassignment itself is not at issue in this case. *See Ryan II*, 117 M.S.P.R. 362, ¶ 6.

addressed and affirmed by the Board in a separate final order. *See* MSPB Docket No. DA-0752-06-0393-C-1, Final Order (Sept. 19, 2008) (affirming the administrative judge's finding of agency compliance with a prior Board order, including the agency's decision to place the appellant in a LWOP status based on his inability to return to duty).

¶11    We also find no error with the administrative judge's conclusion that the agency proved by clear and convincing evidence that it did not issue the appellant a performance appraisal during the 2005-06 and 2006-07 performance appraisal periods because he had not reported to duty since March 2006. ID at 23-26. Although the appellant highlights an agency regulation, which provides that an employee must work at least 90 days in order to receive a performance appraisal, this agency policy does not establish that all employees who work at least 90 days will necessarily receive an appraisal. *See* PFR File, Tab 1 at 26. We agree with the administrative judge, moreover, that the agency's decision not to rate the appellant during these periods of time derives from the appellant's absence from duty and not from his whistleblowing activity. ID at 25-26.[6]

---

[6] The appellant also challenged both the agency's decision not to issue him a mid-year appraisal during the 2003-04 performance period, as well as his overall appraisal rating during this time. ID at 5-8. The record reflects, however, that the appellant filed a grievance under the collective bargaining agreement challenging both of these actions in 2004. *See* MSPB Docket No. DA-1221-09-0045-W-1, IAF, Tab 36, Exhibit A. Pursuant to 5 U.S.C. § 7121(g), an appellant is limited to challenging a personnel action by filing a Board appeal, a grievance, or a complaint with OSC, and the first action that is filed is deemed to be the employee's election of remedy. 5 U.S.C. § 7121(g)(4); *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 & n.6 (2013);. Here, because the personnel actions challenged by the appellant are not otherwise appealable actions within the Board's jurisdiction, the agency was not required to issue the appellant notice of his appeal rights, and we find that he made a binding election to challenge these acts by first filing a grievance under the collective bargaining agreement in 2004. *See Agoranos*, 119 M.S.P.R. 498, ¶ 16 n.6 (explaining that the Board's requirement that an election be knowing does not require an agency to issue notice of appeal rights for an action that is not otherwise appealable to the Board); *Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 9 (2006).

¶12        Finally, we find no reason to disturb the administrative judge's finding that the agency did not place the appellant in an LWOP status with the intent to create an overpayment and impose a debt on the appellant.  ID at 30-31.  The appellant argues on petition for review that, although he was returned to duty for a period of time pursuant to an earlier order from the Board, he should not be required to repay severance pay he received prior to the Board's order returning him to duty.  PFR File, Tab 1 at 28-32; *see* ID at 31.  As the administrative judge found, however, the debt was generated as a result of the agency's compliance with the Board's prior order and the fact that the appellant received severance pay during the time he was not working.  The agency has thus established by clear and convincing evidence that it would have taken the same actions and the same debt would have been generated, even in the absence of his protected disclosures.  ID at 31.[7]

¶13        We have considered the remainder of the appellant's challenges to the administrative judge's initial decision, and we find that they present no basis for disturbing the initial decision.  Accordingly, we find that the administrative judge properly considered the entirety of the pertinent evidence in the record under *Whitmore*, 680 F.3d 1353, and we AFFIRM the administrative judge's initial decision denying the appellant's requests for corrective action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

---

[7] The appellant states on petition for review that the Department of the Treasury has cancelled this debt and he is no longer under an obligation to repay this amount.  PFR File, Tab 1 at 9.

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.